UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL MAY,

        Plaintiff,

CASE NO. 12-CV-14603

vs.

HON. GEORGE CARAM STEEH

CITIMORTGAGE, INC. AND ABN
AMRO MORTGAGE GROUP, INC.,

        Defendants.
_____/

## ORDER DENYING DEFENDANTS' MOTION FOR JOINDER BY COURT ORDER (DOC. # 10)

### INTRODUCTION

Before the court is the motion of defendant CitiMortgage, Inc., ("CMI"), as successor to defendant ABN Amro Mortgage Group, Inc. ("ABN"), seeking mandatory joinder of Valerie May as a Plaintiff under Federal Rules of Civil Procedure 19 or dismissal of ex-husband Michael May's suit alleging breach of contract and promissory estoppel regarding a proposed modification of a balloon note and mortgage on their former marital residence. For the reasons set forth below, the motion is denied.

### BACKGROUND

In 2001, Plaintiff and his former wife, Valerie May, built their home in Canton, MI and financed the associated loan through Huntington Bank. In July 2003, Plaintiff entered a seven-year balloon loan with ABN. Prior to the balloon loan's maturity, CMI assumed the debt and began servicing the loan.

On April 9, 2009, plaintiff and Valerie May entered into a Consent Judgment of Divorce in the Wayne County Circuit Court, Family Law Division. The Consent Judgment provides in its "Property Settlement" section that Michael May shall indemnify and hold Valerie May harmless from any debt obligations arising from the former marital residence. It also stipulated that Valerie May would transfer her interest in the marital residence to Michael May via recordable quit claim deed.

The balloon loan was scheduled to expire August 1, 2010 and on August 23, 2010 CMI allegedly sent Plaintiff a loan Modification Agreement with terms consistent with a "conditional right to refinance" section of the original balloon note agreement. Plaintiff allegedly signed the balloon loan Modification Agreement on August 25, 2010, and returned it to CMI via overnight mail on September 3, 2010.

On September, 15 2010 CMI sent plaintiff a notice that Valerie May must sign the balloon loan modification or submit a release of liability by September 29, 2010. In November 2010 Plaintiff allegedly returned a release of liability form to remove Valerie May from the modified loan agreement and an associated $900.00 check as a nonrefundable release fee, but asserts that defendant CMI "lost" both the check and the form. Nonetheless, it appears that CMI ultimately agreed to a modification by plaintiff alone; plaintiff points to what appears to be the final page of a letter written by Brian Yoho, an attorney at Trott & Trott, P.C. and counsel for CMI, stating that "Citimortgage is not requiring that Valerie May sign the modification. The modification is acceptable without Mrs. May's signature."

The parties agree that during the above-described process, plaintiff made some payments pursuant to the proposed modified loan agreement, at least some of which

-2-

were returned by CMI. In this litigation, plaintiff seeks the reinstatement of an offer for a loan Modification Agreement, credit for payments made, and monies for "damage to credit reputation." According to plaintiff, CMI now asserts the full balance plus an additional $23,000 is due because no modification is in effect and the balloon loan has expired. Plaintiff originally filed suit against defendants CMI and ABN in Wayne County Circuit Court on September 18, 2012, but CMI later removed the suit to federal court on October 17, 2012 on the basis of diversity jurisdiction.

Now before the court is defendant CMI's motion to compel joinder of Valerie May as a required plaintiff under Rule 19 of the Federal Rules of Civil Procedure. A hearing was held on July 22, 2013. The court postponed ruling on this motion at the request of the parties, who indicated they were working on a settlement of the claims. At the most recent status conference, however, such a resolution did not appear imminent.

## STANDARD OF REVIEW

Rule 19 establishes a three-step analysis for determining whether a case should proceed in the absence of a particular party. *See Keweenaw Bay Indian Community v. Michigan,* 11 F.3d 1341, 1345 (6th Cir. 1993). First, the court must determine whether the person or entity is a necessary party under Rule 19(a). *Laethem Equip. Co. v. Deere & Co.*, 485 F. App'x 39, 43 (6th Cir. 2012) (citing *Glancy v. Taubman Centers, Inc.,* 373 F.3d 656, 666 (6th Cir. 2004)). Second, if the person or entity is a necessary party, the court must then decide if joinder of that person or entity will deprive the court of subject matter jurisdiction." *Id.* "Third, if joinder is not feasible because it will eliminate the court's ability to hear the case, the court must analyze the Rule 19(b) factors to

determine whether the court should in equity and good conscience dismiss the case because the absentee is indispensable." *Id.*

## ANALYSIS

The determining factor here is whether Valerie May is a necessary party under Rule 19 of the Federal Rules of Civil Procedure. A party is necessary under Rule 19 if either (1) in the party's absence, the court cannot accord complete relief among existing parties, Fed.R.Civ.P. 19(a)(1)(A), or (B) if the person claims an interest relating to the subject of the action *and* disposing of the action in the party's absence may (I) as a practical matter impair or impede the party's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring multiple or otherwise inconsistent obligations because of the interest, Fed.R.Civ.P. 19(a)(1)(B). Section 19(a)(1)(B) is not implicated here because Valerie May's interest in the house was terminated via the divorce judgment, and she has not raised any claim in the present litigation. Defendant argues that this court cannot "accord complete relief among the parties" without Valerie May because any ruling on the loan modification Plaintiff seeks will impact the rights and duties of Valerie May as a co- obligor on the loan. However, "complete relief" is determined as between persons already parties, and not as between "a party and the absent person whose joinder is sought." *See Laethem Equip. Co.*, 485 F. App'x at 44 (citing *School Dist. of Pontiac v. Secretary of U.S. Dept. of Educ.,* 584 F.3d 253, 265 (6th Cir.2009)).

Defendant further contends any judgment rendered without Valerie May would prejudice Defendant which currently has the right to collect the mortgage debt from her. In contrast, plaintiff asserts that CMI's exercise of this right is limited in practice by the

Consent Judgment, under which Valerie May might require Plaintiff to litigate on her behalf because Plaintiff agreed to "indemnify and hold Valerie May harmless from obligations" related to the mortgage. (DE 10, Ex. E at 2).

In their Consent Judgment of divorce, in return for Michael May's indemnification, Valerie May agreed to "execute and deliver to Michael May a recordable Quit Claim Deed transferring her interest in the marital residence to him." Def.'s Exhibit E at 3. However, as defendants argue, neither this provision nor the indemnification alter Valerie May's legal obligations as a co-obligor under the balloon Note or Mortgage. The court notes that plaintiff's claims are brought under theories of promissory estoppel and breach of contract for the reinstatement of the balloon loan Modification Agreement. For instance, plaintiff claims he reasonably relied on the Yoho letter stating "Citimortgage is not requiring that Valerie May sign the modification" in forming his expectation that he could refinance the loan without his ex-wife.

What plaintiff appears to be seeking through this litigation is a judgment requiring defendant to enter into a loan modification agreement with only Michael May as allegedly promised by defendant. The court notes that no counter or third party claim has been asserted by CMI in this litigation which might involve Valerie May or impact the court's consideration of the question presented by this motion. If the relief sought by plaintiff were to be granted, such would be based on steps taken by defendant which entitle Michael May to this relief individually. If not, the contract between defendant and the Mays will likely not be affected by this litigation. Given the status of the prior mortgage, as well as the assignment and hold harmless agreements of the divorce judgment, it appears possible that defendant could waive any rights it maintains under

the first mortgage and enter into a new agreement with Michael May without the involvement of Valerie May. If such a refinance and release of liability were concluded, "complete relief" between Defendant and Michael May would be possible without Valerie May.

## CONCLUSION

Because the court finds that Valerie May is not a necessary party to this litigation under Fed. R. Civ. P. 19(a), defendant's motion to join Valerie May is **DENIED**.

IT IS SO ORDERED.

Dated:  December 13, 2013

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
December 13, 2013, by electronic mail.

s/Marcia Beauchemin
Deputy Clerk